IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**FILED**
UNITED STATES DISTRICT COURT
 · · · · · NEW MEXICO

JAN 18 2002

UNITED STATES OF AMERICA,

    Plaintiff,

CLERK

v.                                  No. CR-96-146 BB

MICHAEL WRIGHT,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Wright's[1] Motion For Expungement of Record of Disposition (Doc. #95) filed September 5, 2001. Defendant claims that, as a result of errors in his presentence report ("PSR"), the Bureau of Prisons ("BOP") considers him ineligible for minimum security status. The PSR contains juvenile charges and other charges that were pending against Defendant at the time of his conviction have been dismissed. Defendant claims these listings are erroneous and violate the Privacy Act, 5 U.S.C. §§ 522a(d), (e)(5), (g)(1)(A), and (g)(1)(C). He seeks an order directing the Probation Office to expunge the alleged errors from his PSR, and ordering the BOP to change his classification to minimum security in order that he might be eligible for placement in a "Camp." In its response, the United States argues Defendant's allegations do not support the relief sought, the PSR was accurate at the time of sentencing, and the BOP has been advised of subsequent dispositions of other charges against Defendant.

Even assuming the accuracy of Defendant's allegations for purposes of this order, "Once the

---

[1] In the motion Defendant refers to himself as both "Plaintiff" and "Petitioner." The Government's response refers to him as both "Plaintiff" and "Defendant." The matter before the Court is a post-conviction motion in a criminal proceeding; the United States is the Plaintiff and Mr. Wright the Defendant.



district court has heard objections to the report and has imposed sentence, the district court's jurisdiction over the defendant becomes very limited . . . . [T]he defendant must challenge errors contained in the PSI report prior to the imposition of sentence. . . ." *United States v. Warner*, 23 F.3d 287, 290 (10th Cir. 1994) (internal citations omitted). If Defendant's claims of incorrect factual information in the presentence report were not raised at the time of sentencing, this Court does not have jurisdiction to order amendments to the PSR unless the sentence is challenged under 28 U.S.C. § 2255. *United States v. Warner*, 23 F.3d 287, 290 n.3 (10th Cir. 1994); *see also United States v. Gattas*, 862 F.2d 1432, 1434-35. The record and the Clerk's notes from the sentencing hearing indicate Defendant made no objections to the PSR. The motion will be denied.

IT IS THEREFORE ORDERED that Defendant's Motion For Expungement of Record of Disposition (Doc. #95) filed September 5, 2001, is DENIED.

_____
UNITED STATES DISTRICT JUDGE